Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Caitlin J. Scott, Esq. (State Bar No. 310619)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
info@manninglawoffice.com
*Attorneys for Plaintiff*

Attorneys for Plaintiff ALINA VANOVER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| ALINA VANOVER,<br><br>PLAINTIFF,<br><br>vs.<br><br>D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION; DOES 1-10 inclusive,<br><br>DEFENDANTS. | Case No.: 8:17-cv-00196-DOC-DFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Date: May 1, 2017**<br>**Time: 8:30 a.m.**<br>**Hon. David O. Carter** |

NOW COME Plaintiff ALINA VANOVER ("Plaintiff") and Defendant D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION ("Defendant") (collectively referred to as "the parties"), by and through the undersigned counsel and hereby respectfully submit the instant Joint Rule 26(f) Scheduling Report.

## I. Statements Of The Case

Plaintiff's Statement:

Plaintiff contends that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et. seq.

At various and multiple times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt. Beginning on or around December of 2016 Defendant began placing debt collection calls to Plaintiff place of employment despite having been explicitly instructed by Plaintiff not to do so. Defendant not only placed calls to Plaintiff directly but, in an attempt to harrass Plaintiff further, Defendant also placed calls to Plaintiff's work colleauges at the same place of business. During the aforementioned calls, Defendant was rude and hostile to the various receipients of Defendant's calls. As a result of Defendant's actions, Plaintiff retained counsel.

Defendant's Statement:

Defendant denies Plaintiff's contention that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et. seq.

Defendant admits that at various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

Defendant is unsure the exact timing of the debt collection calls to Plaintiff's place of employment.

Defendant denies any alleged instruction not to contact Plaintiff at her place of employment.

2
JOINT 26F REPORT

Defendant denies any effort or intent to harrass Plaintiff. Defendant denies that as a result of Defendant's actions, Plaintiff retained counsel.

## II. Discovery Plan And Principal Issues

### A. Initial Disclosures

The Parties have agreed to mutually exchange initial disclosures on or before April 12, 2017 pursuant to Fed R. Civ. Pc 26(a)(1)(C).

### B. Scope and Timing of Discovery

The Parties agree that discovery shall commence immediately upon their meet and confer efforts in accordance with FRCP 26(d). The Parties agree that phasing of discovery is not necessary in this instance.

<u>Plaintiff's Statement</u>: Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions. Plaintiff needs discovery on the following subjects: Defendant's policies and practices for placing telephone calls to alleged debtors; documentation regarding Defendant's policies for processing the revocation of consent made by debtors on those calls; the names of agents of Defendant that communicated with Plaintiff and Plaintiff's colleagues, Defendant's collection notes, call logs, recordings of conversations regarding the debt at issue and, documentation regarding Defendant's compliance with the FDCPA and RFDCPA. Plaintiff also intends to depose the Defendant's PMK.

<u>Defendant's Statement</u>:

Defendant will conduct written discovery and conduct a brief deposition of Plaintiff related to issues of liability and damages.

### D. Claims of Privilege

The Parties are unaware at this time as to any specific claims of privilege that may arise. However, if any such issues do arise they will redact information or take

3

JOINT 26F REPORT

any other steps needed to preserve privileges, i.e. request a stipulated protective order.

### E. Changes in Limitations

The Parties do not believe at this time that any specific changes should be made on the limitations of discovery or other aspects of this litigation imposed under the Federal Rules of Civil Procedure or by Local Rule. To the extent a protective order is necessary in this matter before any confidential or proprietary information is exchanged, the Parties will work together to jointly submit it to the Court.

## III. Additional Parties

At this time, the Parties do not believe that any additional Parties will be added nor do they anticipate amending the pleadings.

## IV. Motions

Plaintiff:

At this time, Plaintiff does not anticipate filing any dispositive motions but reserves the right to do so if discovery reveals the basis for such motion.

Defendant:

No motions anticipated.

## V. Settlement and Settlement Mechanism

The Parties have communicated informally about settlement and closure. These informal discussions are still in their early stages. In the event that this matter is not expeditiously resolved, the Parties select ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4. ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

## VI. Trial Estimate

The Parties estimate approximately 4 days for trial. The Parties each reserve their respective rights to a jury trial on all issues raised in the Complaint.

## VII. Other Issues

None at this time, however, the Parties reserve their respective rights to raise and address any additional issues as they arise.

## VIII. Proposed Dates

The Parties propose the following schedule of Pretrial Dates:

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial Date (Jury) Estimated Length (Tuesday): 4 Days** | 8:30 a.m. | | February 26, 2018 | Same | |
| **Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief** | 8:30 a.m. | 4-6 weeks after Motion cut-off (MONDAY) | February 12, 2018 | Same | |
| **Last Day for Hearing Motions** | 8:30 a.m. | (MONDAY) 6-8 weeks after discovery cut-off and date on which all MSJs will be heard) | January 15, 2018 | Same | |
| **Discovery Cut-Off** | | | December 4, 2017 | Same | |

| | | |
|---|---|---|
| Dated: March 29, 2017 | **MANNING LAW, APC** | |
| | By: /s/ *Joseph R. Manning Jr., Esq.* | |
| | Joseph R. Manning Jr., Esq. | |
| | Caitlin J. Scott, Esq. | |
| | Tristan P. Jankowski, Esq. | |
| | Attorneys for Plaintiff | |

Dated: March 29, 2017      **D. SCOTT CARRUTHERS, APLC**

                              By: /s/ *D. Scott Carruthers, Esq.*
                                  D. Scott Carruthers, Esq.
                                  John Marshall, Esq.

Attorneys for Defendants

## FILER'S ATTESTATION

    Pursuant to this Court's Electronic Case Filing Administrative Policies and Procedures, Section 2, Subparagraph f(4), the undersigned attests that all parties have concurred in the filing of this Joint Rule 26(f) Report.

Dated: March 29, 2017      **MANNING LAW, APC**

                              By: /s/ *Joseph R. Manning Jr., Esq.*
                                  Joseph R. Manning Jr., Esq.
                                  Michael J. Manning, Esq.
                                  Caitlin J. Scott, Esq.
                                  Tristan P. Jankowski, Esq.
                                  Attorneys for Plaintiff