**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**MANNING LAW, APC**
Joseph R. Manning, Jr. Esq.
info@manninglawoffice.com
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Alina Vanover

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALINA VANOVER,<br><br>Plaintiff,<br><br>v.<br><br>D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION,<br><br>Defendants. | **Case No.:** CV17-196 DOC (DFMX)<br><br>**PLAINTIFF ALINA VANOVER'S CONTENTIONS OF FACT AND LAW PURSUANT TO L.R. 16-4**<br><br>**HON. DAVID O. CARTER** |

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff ALINA VANOVER ("Ms. Vanover") submits the following Memorandum of Contentions of Fact and Law in accordance with Local Rule 16-4:

### L.R. 16-4.1 – CLAIMS AND DEFENSES

**a. Ms. Vanover Has Pleaded And Plans To Pursue The Following Claims:**

<u>Claim 1</u>: Defendant D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION ("Carruthers") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

<u>Claim 2</u>: Carruthers violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA").

**b. The Elements Required To Establish Ms. Vanover's Claims Are As Follows:**

### Elements Required to Establish Ms. Vanover's Claim for Violation of the FDCPA

Pursuant to 15 U.S.C. § 1692 the FDCPA is to eliminate abuse debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. As such, the elements that Ms. Vanover must prove to allege a violation of the FDCPA are as follows:

1. Ms. Vanover is a "consumer" as defined by 15. U.S.C. § 1692a(3).
2. Defendant was attempting to collect a "debt" as defined by 15. U.S.C. § 1692a(5).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

3. Defendant is a "debt collector" as defined by 15. U.S.C. § 1692a(6).

4. Defendant violated at least one section of the FDCPA.

5. Specifically, Defendant violated 15 U.S.C. § 1692c(a)(1); 15 U.S.C. § 1692c(a)(3); 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(10).

The Court's January 22, 2018 Tentative Order on Vanover's Motion for Summary Judgment narrowed the issue for the jury to be whether Carruthers continued to contact Vanover at Vanover's place of employment after Vanovr and/or Vanover's colleagues informed Carruthers that such calls were not permitted.

### **Elements Required to Establish Ms. Vanover's Claim for Violation of the RFDCPA**

Pursuant to Cal. Civ. Code § 1788.17, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of [15 U.S.C.] sections 1692b to 1692j, inclusive…" As such, the same elements that Ms. Vanover must prove to allege a violation of the FDCPA are also the same elements that Ms. Vanover must prove to allege a violation of the RFDCPA. These elements are as follows:

1. Ms. Vanover is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

2. Defendant was attempting to collect a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

3. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

4. Defendant violated at least one section of the RFDCPA.

5. Specifically, Defendant violated Cal. Civ. Code § 1788.17 which incorporates by reference 15 U.S.C. § 1692b through § 1692j, inclusive. Meaning Defendant violated each of the FDCPA sections referenced above.

As before, the Court's January 22, 2018 Tentative Order on Vanover's Motion for Summary Judgment narrowed the issue for the jury to be whether Carruthers continued to contact Vanover at Vanover's place of employment after Vanovr and/or Vanover's colleagues informed Carruthers that such calls were not permitted.

c. **Brief Description Of The Key Evidence In Support Of Ms. Vanover's Claims**

Ms. Vanover plans to offer the following key evidence in support of Ms. Vanover's FDCPA/RFDCPA claims.

1. Carruthers' Account Notes;

2. Ms. Vanover's testimony;

3. Gina Torres's testimony;

4. Hugo Corona's testimony;

5. Defendant's testimony.

d. **Key Evidence In Opposition To Defendant's Affirmative Defense:**

<u>**Affirmative Defense 1:**</u>  Statute of Limitations

<u>**Affirmative Defense 2:**</u>  Bona Fide Error

### e. ELEMENTS REQUIRED TO PROVE DEFENDANT'S AFFIRMATIVE DEFENSES.

Ms. Vanover contends that Defendant's Statute of Limitations Affirmative Defense lacks merit since the violation occurred in December of 2016 and Ms. Vanover's claim against Defendant was initiated in February of 2017.

Moreover, Ms. Vanover contends that Defendant's Bona Fide Error Affirmative Defense lacks merit since Defendant was informed in December of 2016 that phone calls to Ms. Vanover's place of employment were inconvenient and not allowed. Despite being told on many occasions by multiple people to stop contacting Ms. Vanover at Ms. Vanover's place of employment, Defendant continued to place phone calls to Ms. Vanover at Ms. Vanover's place of employment.

### f. ELEMENTS REQUIRED TO PROVE DEFENDANT'S AFFIRMATIVE DEFENSES.

Ms. Vanover plans to offer the following key evidence in opposition to Carruthers' Statute of Limitations Affirmative Defense:

1. Ms. Vanover's testimony; and,
2. Plaintiff's Complaint for Damages filed on February 3, 2017.

In addition, Ms. Vanover plans to offer the following key evidence in opposition to Carruthers' bona fide error claim

1. Ms. Vanover's testimony;
2. Gina Torres's testimony;
3. Hugo Corona's testimony;
4. Carruthers' policies and procedures;
5. Carruthers' account notes; and
6. Carruthers' testimony.

g. **INAPPLICABLE.**

h. **MS. VANOVER DOES NOT ANTICIPATE EVIDENTIARY ISSUES.**

i. **IDENTIFICATION OF DISPUTES REGARDING ISSUES OF LAW:**

Ms. Vanover identifies the following issues: whether Ms. Vanover and/or Ms. Vanover's employees requested Carruthers to stop contacting Ms. Vanover at work; and, the amount of Ms. Vanover's damages.

**L.R. 16-4.2 – [ABROGATED]**

**L.R. 16-4.3 BIFURCATION OF ISSUES**

The Parties do not request bifurcation of any issues.

**L.R. 16-4.4 – JURY TRIAL**

a. <u>A timely demand for a jury trial has been made.</u>

Ms. Vanover wishes to exercise Ms. Vanover's Seventh Amendment right to a jury trial on the issues of Defendant's violations.

Fed. Rul. Civ. Proc. 38(b) provides that a party may demand trial by jury through, *inter alia*, "serving the other parties with a written demand – which may be included in a pleading." L.R. 38-1 provides:

> If the demand for a jury trial is included in a pleading, it shall be set forth at the end thereof and be signed by the attorney for the party making the demand. The caption of such a pleading shall also contain the following 'DEMAND FOR JURY TRIAL.'

Ms. Vanover formally demanded a trial by jury in Ms. Vanover's Complaint in compliance with L.R. 38-1.

## L.R. 16-4.5 – ATTORNEYS' FEES

Ms. Vanover asserts that attorneys' fees are recoverable under all statutes at issue herein. Specifically, 15. U.S.C. § 1692k of the FDCPA; and, Cal. Civ. Code § 1788.30(c) of the RFDCPA both permit Ms. Vanover to recover Ms. Vanover's attorneys' fees; and, costs if successful on these claims.

## L.R. 16-4.6 – ABANDONMENT OF ISSUES

To date, Ms. Vanover has not abandoned any claims or issues.

Date: January 22, 2018                          KAZEROUNI LAW GROUP, APC

                                                By:   /s Matthew M. Loker
                                                      MATTHEW M. LOKER, ESQ.
                                                      ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

A copy of the foregoing *Plaintiff's Contentions of Fact and Law Pursuant to L.R. 16-4* has been sent to counsel of record this 22nd day of January 2018 through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.


                                                      /s/ Matthew M. Loker
                                                      Matthew M. Loker