**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**MANNING LAW, APC**
Joseph R. Manning, Jr. Esq. (223381)
info@manninglawoffice.com
4667 MacArthur Boulevard, Suite 150
Newport Beach, CA 92660
Telephone: (949) 200-8755
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*,
Alina Vanover

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALINA VANOVER,<br><br>Plaintiff,<br><br>v.<br><br>D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPRATION,<br><br>Defendant. | **Case No.:** CV17-196 DOC (DFMx)<br><br>**PLAINTIFF ALINA VANOVER'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF, OR REFERENCE TO, CARRUTHERS' BONA FIDE ERROR AFFIRMATIVE DEFENSE**<br><br>**Pre-Trial Conf.:** 2/12/2018<br>**Trial:**  2/27/2018<br><br>**HON. DAVID O. CARTER** |

CASE NO.: CV17-196 DOC (DFMx)                                  *Vanover v. D. Scott Carruthers, APLC*
PLAINTIFF ALINA VANOVER'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE
OF, OR REFERENCE TO, CARRUTHERS' BONA FIDE ERROR AFFIRMATIVE DEFENSE

**TO THE COURT, DEFENDANT AND ITS ATTORNEYS OF RECORD:**

Plaintiff ALINA VANOVER ("Vanover") hereby moves the Court, in limine, for the following Order: exclude evidence of, or reference to, Defendant D. SCOTT CARRUTHERS, A PROFESSIONAL LAW CORPORATION's ("Carruthers") Bona Fide Error Affirmative Defense because: (A) the defense completely lacks merit pursuant to the pertinent authority; and (B) the probative value of such evidence is substantially outweighed by danger of unfair prejudice, confusing the issues, and misleading the jury. *See generally* Fed. R. Evid. 403.

### A. STATUTORY BACKGROUND REGARDING THE BONA FIDE ERROR AFFIRMATIVE DEFENSE

Both the FDCPA; and, RFDCPA are strict liability statutes;[1] however, in extreme circumstances, debt collectors are relieved of liability under 15 U.S.C. § 1692k(c); and, Cal. Civ. Code § 1788.30(e), more commonly referred to as the Bona Fide Error Affirmative Defense. These sections state that:

> [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

The debt collector has the burden of proof and must establish by a preponderance of the evidence, that "(1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures

---

[1] *Costa v. National Action Financial Services,* 634 F.Supp.2d 1069, 1079 n.7 (E.D. Cal. 2007); *see Clark v. Capital Credit & Collection Servs.,* 460 F.3d 1162 (9th Cir. 2006); *Branco v. Credit Collection Services Inc.,* 2011 WL 3684503, *13, n.5 (E.D. Cal. Aug. 23, 2011); *Gordon v. Credit Bureau of Lancaster & Palmdale,* 2012 WL 1813668, *2 (C.D. Cal. Apr. 20, 2012).

reasonably adapted to avoid the violation." *Gibson v. US Collections W.*, 2017 U.S. Dist. LEXIS 69795 at *4 (D. AZ. May 8, 2017) quoting *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

Furthermore, in determining whether the reasonable procedures prong has been satisfied the Ninth Circuit uses a two-step process. *See Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1006 (9th Cir. 2008). First, the debt collector must maintain procedures to avoid errors. *Id*. quoting *Johnson v. Riddle*, 443 F.3d, 723, 729 (10th Cir. 2006). Second, those procedures must be reasonably adapted to avoid the **specific** error at issue (emphasis added). *Id*. Under these steps, the showing of procedures reasonably adapted to avoid any such error requires more than a "mere assertion to that effect." *Gibson*, 2017 U.S. Dist. LEXIS 69795 at *5. The debt collector "must assert and explain how a procedure or policy is tailored to avoid the specific mistake at issue to take advantage of the bona fide error defense." *Id*.

As such, as discussed below, Carruthers' policies and procedures are wholly incomplete and not narrowly tailored to avoid the violations described in Vanover's operative pleadings. Thus, Carruthers should be prohibited from introducing evidence of, or referencing to the bona fide error defense at trial.

### B. CARRUTHERS' POLICIES AND PROCEDURES LACK THE REQUISITE LEVEL OF SPECIFICITY THEREBY MAKING THE BONA FIDE ERROR DEFENSE UNAVAILABLE.

Carruthers' Bona Fide Error Affirmative Defense is completely lacking in specificity. During the course of discovery, Vanover requested all documents that support Carruthers' Bona Fide Error Affirmative Defense.[2] In response,

---

[2] *See* Vanover's Requests for Production of Documents and Carruthers' responses thereafter attached to Vanover's Motion in Limine No. 3.

Carruthers produced nothing more than a printout of the Fair Debt Collection Practices Act's ("FDCPA") statutory sections in the form of a NARCA (National Creditors Bar Association) printout.[3] The NARCA printout contains nothing else pertaining to how Carruthers' employees are to conduct themselves in attempting to collect debts from debtors. Unwritten policies and practices that merely "implement[] the statute" are not the types of procedures which are "designed to discover avoidable errors." *Gibson*, 2017 U.S. Dist. LEXIS 69795 at *6. Even more troubling, Carruthers' employee, Brian James, testified that Mr. James had never seen the NARCA Printout which supposedly forms the basis for Carruthers' Bona Fide Error Affirmative Defense.[4]

Furthermore, in *Berry v. Van Ru Credit*, 2017 U.S. Dist. LEXIS 164266 at *6-10 (D. Utah Sep. 11, 2017) (hereinafter "*Berry*") the District Court very clearly outlined the types of policies and procedures which rise the requisite level specificity. These policies and procedures included written policies regarding live telephone calls with consumers, initial and ongoing trainings with respect to the FDCPA and Defendant's own procedures regarding telephone calls with consumers, an exam testing an employee's knowledge of the FDCPA, regular refresher trainings on a monthly and as needed basis in order to ensure compliance with the written policies, and staff oversight. *Id*.

The policies and procedures outlined by the court in *Berry* are written, specific, and extensive. *Id*. The *Berry* court rightfully decided that the defendant could seek refuge under the Bona Fide Error Affirmative Defense. *Id*. at * 27. The case law is clear that it is not enough to merely assert that a reasonable procedure is in place; the defendant must also explain the procedures, along with the manner

---

[3] Vanover's Motion in Limine No. 3 seeks to exclude evidence of, or reference to, the NARCA printout.

[4] *See* Vanover's Motion in Limine No. 3.

in which they are used to avoid a certain error. *Reichert*, 531 F.3d at 1007.

Here, the written policy relied upon by Carruthers appears to be nothing more than a copy of the FDCPA but this copy of the FDCPA was not even provided to Carruthers' employees. This copy of the FDCPA does not rise to the required level of specificity as that printout is not a procedure that is reasonably adapted to avoid the specific violations at issue in this case. Specifically, there is nothing instructing Carruthers' employees on what to do if they are informed that they cannot call an alleged debtor at that person's place of employment. Therefore, for the reasons set forth above, Vanover requests that Court exclude any evidence of, or reference to any Bona Fide Error Affirmative Defense.

### C. V&#x41A;UGE AND/OR ORAL POLICIES TO NOT VIOLATE THE FDCPA OR RFDCPA DOES NOT SATISFY THE BONA FIDE ERROR AFFIRMATIVE DEFENSE.

Without the NARCA printout, Carruthers may argue that Carruthers maintained an oral policy to follow the FDCPA and RFDCPA; however, such an informal policy is insufficient to satisfy the Bona Fide Error Affirmative Defense. To establish the defense, the collector must not only maintain procedures to comply with the FDCPA but also must maintain a system of checks and reviews to guard against errors that can result in violation of the statute. *See Hepsen v. Resurgent Capital Servs., L.P.*, 383 Fed. Appx. 877 (11th Cir. 2010); *Knighten v. Palisades Collections, L.L.C.*, 2010 WL 2696768 (S.D. Fla. 2010); and, *Johnson v. Midland Credit Mgmt. Inc.*, 2006 WL 2473004 (N.D. Ohio 2004).

Moreover, a simple policy directing employees to not violate the FDCPA has previously been considered and rejected by various courts. *See, e.g., Allen v. Checkredi of Ky., LLC*, 2010 U.S. Dist. LEXIS 122301, at *36 (E.D. Ky. 2010) ("To approve Defendant's procedure would obviate the FDCPA's requirement that

245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the procedure be reasonable and tailored to the violation in question; a debt collector could otherwise rely on its general instruction to employees to not violate the FDCPA as a 'procedure' reasonably adapted to prevent all violations. 'Don't do it' is hardly a procedure, and certainly not a 'reasonable' one.").[5]

Similarly, non-specific FDCPA and/or RFDCPA discussions and memorandums are not enough. In *Gibson*, the Court granted the consumer's Motion for Summary Judgment as to the inadequacy of U.S. Collections West Incorporated's ("USCW") alleged procedures. *Gibson*, 2017 U.S. Dist. LEXIS 69795, at *7-8 (D. Ariz. May 8, 2017). USCW's "general policies aimed at FDCPA compliance" were based upon "giv[ing] a test twice yearly on the FDCPA to its collectors[,] who must maintain a minimum grade of 80%, host[ing] meetings with supervisors to ensure compliance with the FDCPA, and distribut[ing] memos to clerks explaining how to handle disputes." *Id*. Such practices were found to be inefficient since "they do not remedy the specific problem at issue here, namely the mishandling of mail." *Id*. citing to *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 999 (D. Ariz. 2010).

Here, Carruthers' alleged policies are even more lacking than the examples described above. In fact, Carruthers has no evidence that Carruthers has any written policies specifically designed to avoid the violation at issue herein. Carruthers' sole attempt at having a policy is conveyed orally through shadowing by one employee of another.[6] No written materials are provided to Carruthers' employees.[7] As such, Carruthers should be precluded from presenting evidence

---

[5] Carruthers' employee agreed that Carruthers' "procedures" are simply to not violate the FDCPA. *See* Exhibit 1, Deposition Transcript of Bryan James ("James Transcript"), 32:8-10; 33.

[6] James Transcript, 11:21 – 12:22; 15:17-24; 29:19-24; and, 34:1-3.

[7] James Transcript 14:1-22; 31:14-24; and, 34:4-5.

245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

and/or testimony at trial regarding the Bona Fide Error Affirmative Defense. Such evidence and/or testimony would only serve to confuse and mislead the jury.

### D. THE VALUE OF CARRUTHERS' BONA FIDE ERROR DEFENSE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, AND MISLEADING THE JURY.

"[E]vidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence,' and 'the fact is of consequence in determining the action.'" *Farris v. Int'l Paper, Inc.*, 2014 U.S. Dist. LEXIS 162335, at *3 (C.D. Cal. 2014) citing to Fed. R. Evid. 401. Moreover, the Court should exclude relevant evidence if its probative value is "substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. citing to Fed. R. Evid. 403.

Moreover, "[a] motion in limine is 'an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jackson v. Cty. Of San Bernardino*, 194 F. Supp. 3d 1004, 1005 (C.D. Cal. 2016) citing to *Jonasson v. Luthern Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). "It also reduces the likelihood that unduly prejudicial evidence will ever reach the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of any prejudicial evidence." *Jackson*, 194 F. Supp. 3d at 1005 citing to *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

The sole issue at trial is a factual dispute regarding whether Vanover; Torres; or Corona told Carruthers to stop calling Vanover at Vanover's place of employment. Introducing testimony pertaining to the Bona Fide Error Affirmative Defense would result in unfair prejudice, confuse the issues before the jury,

mislead the jury and waste judicial time and resources. The discovery obtained throughout this litigation confirmed that Carruthers has no specific policies designed to avoid calling consumers at the consumers' places of employment after being told not to do so. The mere requirement that collectors should not violate the FDCPA and/or RFDCPA is not a procedure sufficient to satisfy this narrow affirmative defense. As such, Carruthers should be precluded from presenting evidence of, or referencing to, the Bona Fide Error Affirmative Defense.

### E. CONCLUSION

Wherefore, a Motion in Limine should be granted excluding evidence of, or reference to, Carruthers' Bona Fide Error Affirmative Defense.

Dated: February 1, 2018

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

### CERTIFICATE OF SERVICE

A copy of the foregoing *Vanover's Motion in Limine No. 4 to Exclude Evidence of, or Reference to, Carruthers' Bona Fide Error Defense* has been filed this 1st day of February 2018, through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

___/s/ Matthew M. Loker___
Matthew M. Loker